IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALTON SHARAN SAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 123-028 |
| | ) |
| THE PREMISES AND REAL PROPERTY | ) |
| WITH BUILDINGS, APPURTENANCES, | ) |
| AND IMPROVEMENTS AT 200 E. 6TH | ) |
| STREET, WAYNESBORO, GEORGIA | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff commenced the above-captioned case *pro se* and has requested permission to proceed *in forma pauperis* ("IFP"). On March 21, 2023, the Magistrate Judge denied without prejudice Plaintiff's motion to proceed IFP for providing incomplete answers and directed him to submit a new IFP motion. (Doc. no. 4.) Plaintiff stated he had no income, only $2.50 in his bank account, $25-$30 in regular monthly expenses, and $50,000 of debt. (See generally doc. no. 2.) However, Plaintiff lists a phone number as well as a private address on his complaint, and he has continually paid for mail and notarization in the instant action and his numerous other cases. (Doc. no. 1, p. 6; doc. no. 4, pp. 1-2.) Thus, the Magistrate Judge concluded that "it obviously costs money to live," and the information provided by Plaintiff "does not add up." (Doc. no. 4, pp. 1-2.)

Plaintiff objects to the Magistrate Judge's Order. (Doc. no. 7.) Plaintiff argues that the reasons given to deny his IFP motion "amount to erroneous opinion, that lead to inaccurate assumptions concerning the answers given to the questions asked." (Id. at 1.) Plaintiff contends that "proper grounds to deny do not exist" and the denial of his IFP motion only "attempts to cast prejudice" upon him. (Id. at 2.) Tellingly, Plaintiff admits to receiving financial support from others, (see id.), but refused to disclose this information on his IFP application. Plaintiff's objections are unavailing.

A district court must consider a party's objections to the Magistrate Judge's order on a pretrial matter. See 28 U.S.C. § 636 (b) (1) (A); Fed. R. Civ. P. 72 (a). The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Here, it was well within the Magistrate Judge's authority to request accurate, detailed information from Plaintiff before deciding whether to grant him IFP status, and "[a] district court need not tolerate defiance of reasonable orders." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009); see also Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986) ("There is no question that proceeding [IFP] is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.").

Because the challenged ruling is not clearly erroneous or contrary to law, the Court **OVERRULES** the objections and **AFFIRMS** the Magistrate Judge's Order. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010). The Court **GRANTS** Plaintiff one final extension to submit a new motion to proceed IFP with supporting affidavit within fourteen days of the date of this Order.[1] If Plaintiff wishes to proceed IFP in this action, he must fill out the attached IFP form and provide the Court with accurate and complete financial information.

When asked for details about his expenses and income, he must describe how much he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive. He must describe how he gets the money to pay for those expenses (to include income from any family members who may reside with him or contribute to paying his expenses), and he must disclose whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution. Upon receipt of the new motion to proceed IFP and supporting affidavit, the Court will determine whether Plaintiff should be granted leave to proceed IFP or should be required to pay the $402.00 filing fee.

As the Magistrate Judge emphasized in his March 21st Order, the Court will no longer tolerate Plaintiff's willful disregard in continually providing bare assertions in his IFP motions and then failing to file amended IFP motions after he has been ordered to do so. The Court

---

[1] The **CLERK** is **DIRECTED** to attach a standard motion to proceed IFP stamped with the appropriate case number, along with the supporting affidavit, used by non-incarcerated litigants in the Southern District of Georgia to Plaintiff's service copy of this Order.

will not hesitate to dismiss this case without prejudice and recommend other sanctions against Plaintiff if he continues such behavior.

For the reasons stated above, Plaintiff's objections to the denial of his IFP motion are **OVERRULED**, (doc. no. 7), and Plaintiff is **GRANTED** one final extension to submit a new motion to proceed IFP with supporting affidavit within fourteen days of the date of this Order. Failure to do so will result in dismissal of this case, without prejudice.

SO ORDERED this ___19th___ day of April, 2023, at Augusta, Georgia.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```