IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  | |
|---|---|---|---|
| ALTON SHARAN SAPP, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CV 123-028 | |
| | ) | | |
| THE PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS AT 200 E. 6TH STREET, WAYNESBORO, GEORGIA, | ) ) ) ) | | |
| | ) | | |
| Defendant. | ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.  SCREENING THE COMPLAINT

   A.  BACKGROUND

Plaintiff names the property located at 200 E. 6th St., Waynesboro, Georgia (i.e., the Burke County Judicial Center) as the only Defendant. (See doc. no. 1, p. 1.) Citing 48 U.S.C. § 1983, 28 U.S.C. § 55, and Fed. R. Civ. P. 70(a), Plaintiff claims "the defendant property is being forfeited as a means to satisfy the judgment lien that is owned to the Plaintiff, by the defendant property's owner." (Id. at 3.) Plaintiff has filed two suits in the Southern District of Georgia against divisions of Burke County, CV 122-078 and CV 122-087, and he claims

default judgments were entered against Burke County in each, "creating judgement liens against defendant." (Id. at 4.) For relief, Plaintiff requests the defendant property be forfeited unto him and the Court issue an arrest warrant for the property. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555,

2

557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief May be Granted

This Court is familiar with Plaintiff.  As he states in his complaint, he has previously filed two cases in this district against Burke County and its divisions, among others.  However, both cases were dismissed without prejudice for Plaintiff's failure to prosecute.  See Sapp v. Dist. Attorney's Off. for Augusta Jud. Cir., CV 122-078, 2022 WL 5013352, at *2 (S.D. Ga. Sept. 8, 2022), *adopted by* 2022 WL 5013204 (S.D. Ga. Oct. 4, 2022); Sapp v. Burke Cnty. Sheriff Dep't, CV 122-087, 2022 WL 5013383, at *2 (S.D. Ga. Sept. 8, 2022), *adopted by* 2022 WL 5013210 (S.D. Ga. Oct. 4, 2022).  No default judgments were ever issued, and Plaintiff was never granted writs of execution.  In fact, Chief United States District Judge J. Randal Hall expressly and repeatedly denied Plaintiff's motions for default judgment and writs of execution in both cases.  CV 122-078, doc. nos. 9, 14, 24; CV 122-087, doc. nos. 10, 21.[1]

---

[1] Plaintiff's tactics are not unique to the Southern District.  In September and October 2022 alone, Plaintiff filed twenty-nine complaints in the Western District of North Carolina, submitting "wholly meritless" motions for default judgment in each.  See, e.g., Sapp v. Mecklenburg Cnty. Sheriff Dept., No. 3:22-cv-00568-KDB-DSC, doc. no. 7, p. 3 (W.D.N.C. Nov. 10, 2022).  Consequently, the Court in the Western District of North Carolina imposed a pre-filing review system to screen out any future, meritless complaints by Plaintiff.  Id.  All cases have since been dismissed.

Putting aside Plaintiff's baseless claim that he can take possession via forfeiture of county property in a § 1983 suit against that county, Plaintiff cannot now sue under Fed. R. Civ. P. 69 or 70 to enforce non-existent judgments. See Barmat, Inc. v. United States, 159 F.R.D. 578, 582 (N.D. Ga. 1994) ("This rule is operative only after entry of judgment."). Plaintiff's factual and legal claims "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325, 327. Thus, Plaintiff's complaint is frivolous and fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Denton v. Hernandez, 504 U.S. 25, 32-33 ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.") (internal citations omitted). It should be dismissed.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA